**Karen J. KRILL, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 11, 1997.

Decided March 13, 1998.

Publication Ordered May 18, 1998.

---

James G. Conville, Schuylkill Haven, for petitioner.

David W. Speck, Harrisburg, for respondent.

Before SMITH and KELLEY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Karen J. Krill (Krill) appeals from an order of the Public School Employes' Retirement Board (Board) denying her request to set aside the retirement benefit option elected by her mother, Mary Griesemer (Decedent), and receive increased death benefits under a different option.

The relevant facts are undisputed in this matter. Decedent was employed by the Berks Career and Technology Center until she retired on July 1, 1995 and was a member of the Public School Employes' Retirement System (Retirement System). The Retirement System returned Decedent's application for retirement filed on June 6, 1995 due to her failure to properly complete a section related to election of a beneficiary/survivor annuitant. Decedent resubmitted the properly · completed application on June 14, 1995.

In the application, Decedent elected to receive retirement benefits under the maximum single life annuity plan. Under that plan, Decedent would receive maximum monthly annuity payments during her life, and upon her death her beneficiary would receive death benefits pursuant to Section 8347(d) of the Public School Employees' Retirement Code (Code), 24 Pa.C.S. § 8347(d), which provides:

In the event of the death of an annuitant who has elected to receive the maximum single life annuity before he has received in total annuity payments an amount equal to the full amount of the accumulated deductions standing to his credit on the effective date of retirement, the difference between the total payments made to the date of death and the accumulated deductions shall be paid to his designated beneficiary.

Decedent designated Krill as a beneficiary to receive death benefits under the maximum single life annuity plan. Decedent also authorized the Retirement System to directly roll over the taxable amount of her contributions and interest to the Franklin Life Insurance Company.

After receiving Decedent's application, the Retirement System began reviewing and auditing her retirement account for the purpose of calculating her monthly retirement benefits. Decedent terminated her service with the Berks Career and Technology Center on June 30, 1995, and her retirement became effective on July 1, 1995. Decedent subsequently died on August 7, 1995. At that time, the Retirement System was still processing her application. The Retirement System thereafter learned that she was receiving $435 a month as a survivor annuitant of her deceased husband. Unaware of Decedent's death, the Retirement System mailed a monthly survivor annuity check to her on August 31, 1995.

In September 1995, the attorney for Decedent's estate notified the Retirement System of Decedent's death. The Retirement System thereafter informed Decedent's estate that under the maximum single life annuity plan elected by Decedent, her estate would receive a prorated monthly retirement payment of $572.67 for a period from July 1, 1995, the effective date of her retirement, to August 7, 1995, the date of her death, and that Krill as a beneficiary would receive a lump sum death benefits of $16,686.23 ($17,258.90 of Decedent's total contributions and interest minus $572.67 of the prorated monthly retirement payment).[1]

---

1. The Retirement System also requested that Decedent's estate reimburse $333.64 from the August 31, 1995 monthly survivor annuity payment to reflect her death on August 7, 1995.

Krill requested a review by the Appeals Committee, alleging that the maximum single life annuity plan elected by Decedent is revocable due to the Retirement System's failure to act on the retirement application or make monthly annuity payments before Decedent's death, and that she is therefore entitled to receive maximum death benefits in the amount of $90,702.79 available under the Option 1 retirement benefit plan. Following the Appeals Committee's denial of her request, Krill requested an administrative hearing. The hearing examiner recommended after a hearing that Krill's request to receive death benefits under the Option 1 be denied.

The Board thereafter denied Krill's exceptions and accepted the hearing examiner's recommendation. The Board concluded that the option for retirement benefits chosen by Decedent could not be changed after the effective date of her retirement, and that Krill is therefore entitled to death benefits payable under the maximum single life annuity plan. Krill's appeal to this Court followed.[2]

When a member of the Retirement System retires and elects an option for retirement benefits, he or she enters into a contract with the Retirement System. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986);[3] *Estate of Burlingame v. Public School Employees Retirement System,* 125 Pa.Cmwlth. 178, 557 A.2d 1128 (1989), *appeal denied,* 524 Pa. 600, 568 A.2d 1250 (1989).

Krill contends that to form a valid contract, there must be an offer and an acceptance of its terms by the parties; the Retirement System did not accept Decedent's offer to receive retirement benefits under the maximum single life annuity plan because it failed to either notify her of its receipt of the retirement application or make monthly annuity payments before her death; because no valid contract was formed between the Retirement System and Decedent, the retirement benefit plan elected by Decedent was revocable; and, Krill should therefore receive maximum death benefits available under the Option 1 retirement plan. However, the retirement application completed by Decedent and the applicable provisions of the Code and the regulations do not support Krill's characterization of Decedent's election of the retirement benefit plan as a mere "offer" revocable after the effective date of Decedent's retirement.

In Section 8 of the retirement application filed before her retirement, Decedent certified to the following statements regarding her understanding of irrevocability of the retirement benefit:

I UNDERSTAND THAT MY MONTHLY PAYMENT PLAN CANNOT BE CHANGED ONCE THIS APPLICATION IS FILED WITH PSERS OR AFTER THE DATE OF MY RETIREMENT, WHICHEVER IS LATER.

Having read and understood all of the preceding provisions and with full knowledge that my election of a monthly payment plan is final and may not be changed, I certify that all statements made on this application are true and correct.

It is well established that the Retirement System is a creature of legislature and that its members therefore have only those rights created by the retirement benefit statute. *Estate of Rosenstein v. Public School Employees' Retirement System,* 685 A.2d 624 (Pa.Cmwlth.1996); *Cosgrove v. State Employes' Retirement Board,* 665 A.2d 870 (Pa. Cmwlth.1995). Further, the retiree's rights granted by the Code are so personal that no other person can exercise those rights on behalf of the members, unless specifically permitted by the Code. *Estate of Rosenstein.*

Consequently, a retiree or any other person is not permitted to change a retirement

---

**2.** This Court's scope of review of an order of the Board is limited to determining whether the Board committed an error of law, whether constitutional rights were violated, or whether factual findings are supported by substantial evidence. *Hughes v. Public School Employees' Retirement Board,* 662 A.2d 701 (Pa.Cmwlth.1995), *appeal denied,* 542 Pa. 678, 668 A.2d 1139 (1995).

**3.** The cases interpreting provisions of the State Employees' Retirement Code, 71 Pa.C.S. §§ 5101—5956, are equally applicable in deciding issues arising under similar or identical provisions of the Code. *Estate of Rosenstein v. Public School Employees' Retirement System,* 685 A.2d 624 (Pa.Cmwlth.1996).

benefit option elected by the retiree in his or her retirement application, except under very limited circumstances set forth in Section 8507(j) of the Code, *as amended,* 24 Pa.C.S. § 8507(j), which are inapplicable to this matter. *Id.* The regulation at 22 Pa.Code § 213.45 specifically provides that "[o]nce a member has filed an application for benefits and chose an option including, a single life annuity, such option shall be deemed irrevocable...."

We therefore conclude that the Retirement System and Decedent entered into the binding retirement benefit contract when she filed the properly completed application before the effective date of her retirement. Because Decedent freely entered into the benefit contract with her understanding of its terms, the contract cannot be set aside after her death. *Estate of McGovern.* Hence, the death benefits payable to Decedent's beneficiary is governed by the retirement benefit option elected by Decedent in the retirement application, and that option may not be changed after Decedent's death to increase death benefits of her beneficiary.[4]

Krill seems to argue that she is entitled to death benefits under the Option 1 retirement benefit plan pursuant to Section 8347(a) of the Code, which provides:

> Any member, *other than an annuitant,* who dies and was eligible for an annuity ... shall be considered as having applied for an annuity to become effective the day before his death; and, in the event he has not elected an option, it shall be assumed that he elected Option 1 and assigned as beneficiary that person last designated in writing to the board. (Emphasis added.)

The Code defines "annuitant" as "[a]ny member on or after the effective date of retirement until his annuity is terminated." Section 8102 of the Code, *as amended,* 24 Pa.C.S. § 8102. The term "effective date of retirement" is defined as "[t]he first day following the date of termination of service of a member if he has properly filed an applica-

tion for an annuity within 90 days of such date." *Id.* Because Decedent in this matter retired on July 1, 1995 after filing the properly completed retirement application, she was an annuitant at the time of her death. Because she was an annuitant, Section 8347(d) setting forth death benefits for an annuitant, rather than Section 8347(a) permitting assumed election of the Option 1, is applicable to this matter. Hence, the Retirement System properly assessed Krill's death benefits pursuant to Section 8347(d).

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 13th day of March, 1998, the order of the Public School Employes' Retirement Board in the above-captioned matter is affirmed.

LEADBETTER, J., did not participate in the decision of this case.

---

4. The Code does not require the Retirement System to notify its members of its receipt of retirement applications. Therefore, such notification is not a required element for formation of a valid contract. Moreover, because the binding retire-

ment benefit contract was entered into in this matter, its validity was not affected by the subsequent events, such as the delay in processing Decedent's retirement application.