**Libby FORMAN, Petitioner,**

v.

**PUBLIC SCHOOL EMPLOYES' RETIREMENT BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 8, 2001.
Decided June 11, 2001.

Lee R. Golden, Pittsburgh, for petitioner.

David W. Speck, Harrisburg, for respondent.

Before COLINS, J., FRIEDMAN, J., and McCLOSKEY, Senior Judge.

COLINS, Judge.

Before the Court is Libby Forman's petition for review of the order of the Public School Employees' Retirement Board

(PSERB) docketed June 23, 2000, denying her claim for early retirement under Act 41 [1] (relating to qualified years of service, but non-qualified age). We have been asked to review whether PSERB erred in denying a request for *"nunc pro tunc"* relief in the nature of a modification of a retirement application. We conclude there was no error; accordingly, the order is affirmed.

On September 2, 1998 Forman filed an application for retirement with the Public School Employees' Retirement System (PSERS), and subsequently was notified that she was ineligible for retirement under Act 41 because she failed to file her application as of the statutory deadline of July 11, 1998. 24 Pa.C.S. § 8313(1)(iii). Forman appealed that decision to PSERB arguing that she meets the criteria to amend her retirement application under *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986) (relating to mental incapacity at the time of execution of retirement application).

The evidentiary support for Forman's contention was in the nature of her testimony. Forman testified that she received a letter from PSERS advising her of the eligibility rules for the Act 41 "30 and out" retirement window. (Notes of Testimony, p. 23.) Included in that testimony was her statement that she met with and a retirement counselor, learned of the available window, and understood the need to file the early retirement application by July 30, 1998. (Notes of Testimony, pp. 16–17, 23, 44.) During her testimony, Forman explained that school contract negotiations were occurring contemporaneous with the early retirement window period, and she

had concern that a new contract would result in the loss of post-retirement health insurance benefits. (Notes of Testimony, pp. 42–44.) She explained that her struggle with breast cancer made the continuation of medical insurance an issue of paramount importance, clouding her ability to make a decision regarding retirement until the signing of a new contract. The agitation over these two decisions, she contends, rose to the level of a mental incapacity inhibiting her ability to timely file the early retirement application. PSERB disagrees with Forman's argument, noting that Forman presented no medical evidence to support her contention. PSERB argues that even if mental incapacity was proved, PSERB lacks the authority to accept a retirement application and deem it "timely filed."

The hearing examiner reviewed the *McGovern* argument and found that Forman's struggle with breast cancer and her concern for post-retirement health insurance were not qualifying factors establishing a mental incapacity limiting Forman's understanding of the strict requirements of Act 41. PSERB affirmed. Forman filed an appeal with this Court.[2]

Forman contends that she presented clear and convincing evidence that mental incapacity precluded her from timely filing her application for early retirement. PSERB contends that the relief sought is not available under *McGovern.* Alternatively, it is argued, that presuming the availability of a *McGovern* argument, no grounds exist to grant the relief *nunc pro tunc.* A Fortiori, the inquiry herein must focus on the availability of the remedy sought because what Forman ultimately seeks requires PSERB to essentially "re-

---

1. 24 Pa.C.S. § 8313 (Act 41).

2. Our scope of review is limited to determining whether the decision is constitutionally infirm or not supported by substantial evidence, or whether PSERB committed an error of law. 2 Pa.C.S. § 704.

open" a legislatively crafted retirement window.

■ Act 41 is "early retirement window" legislation allowing those not otherwise qualified to retire with an unreduced annuity if they have 30 eligibility points. Presuming eligibility, the caveat requires the filing of the application within the "window of opportunity," here, April 2, 1998 through July 11, 1998. Act 41 contains no exceptions to its requirements. PSERB has no authority to grant rights beyond those specifically set forth in the retirement code. *Hughes v. Public School Employes' Retirement Board,* 662 A.2d 701 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 542 Pa. 678, 668 A.2d 1139 (1995).

■ Forman did not timely file her retirement application, and there is no mechanism available permitting her to amend the filing date and bring the filing of the application within the Act 41 early retirement window. *Nunc pro tunc* relief is unavailable since she has not established the untimely filing was the result of fraud, a breakdown in the courts, or negligence on the part of a third party. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979).

■ Moreover, assuming *arguendo* the presence of factors warranting the grant of the requested relief, no legal argument has been presented establishing that PSERB has the authority to take an untimely filed retirement application and "deem it" timely filed. Such conduct suggests that PSERB has the authority to "re-open" a legislatively crafted retirement window and allow an untimely application to be "deemed" timely filed. The retirement code does not grant PSERB such authority; therefore, PSERB is precluded from taking such action, since the retirement system is a creature of the legislature and its members have only those rights created by the retirement benefit statute. *Cosgrove v. State Employees' Retirement Board,* 665 A.2d 870 (Pa.Cmwlth.1995).

■ Lastly, assuming *arguendo,* PSERB has the authority to grant the requested relief, Forman's *McGovern* argument must be rejected since no facts substantiate her claim of mental incapacity. Under Pennsylvania law, a signed document gives rise to the presumption that it accurately expresses the state of mind of the signing party. *McGovern,* 517 A.2d at 526, citing *Taylor v. Avi,* 272 Pa.Super. 291, 415 A.2d 894 (1979). The presumption is rebutted where the challenger presents clear and convincing evidence of mental incompetence. *McGovern.* Mental incompetence is established through evidence that the person is unable to understand the nature and consequences of the transaction. *Id.* A presumption of mental incapacity does not arise merely because the disposition of the property seems unreasonable. *Id.* Here, the only evidence presented in support of Forman's position, was Forman's own testimony. While her testimony may be credible, it is insufficient as a matter of law to establish a claim of mental incompetence. Therefore, PSERB was correct in rejecting Forman's *McGovern* argument.

Accordingly, the order of the Public School Employes' Retirement Board is affirmed.

### ORDER

**AND NOW,** this 11th day of June 2001, the order of the Public School Employes' Retirement Board is **AFFIRMED.**