848 A.2d 1031 (2004)
Temi W. ALLEN, Petitioner
v.
COMMONWEALTH of Pennsylvania, PUBLIC SCHOOL EMPLOYEES' RETIREMENT BOARD, Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs January 16, 2004.
Decided February 20, 2004.
As Amended May 5, 2004.
Publication Ordered May 3, 2004.
Bruce Wolf, Philadelphia, for petitioner.
Letitia Ann Dyer, Harrisburg, for respondent.
BEFORE: COLINS, President Judge, SMITH-RIBNER, Judge, and McCLOSKEY, Senior Judge.

ORDER
OPINION BY Senior Judge McCLOSKEY.
Temi W. Allen (Allen) petitions for review of an order of the Public School Employees' Retirement Board (Board), granting a motion for summary judgment filed on behalf of the Public School Employees' Retirement System (PSERS) and dismissing Allen's request for an administrative hearing. We affirm.
Allen became a member of PSERS in January of 1981. Throughout the course of her employment, Allen's service was categorized as a Class T-C membership. However, in mid-2001, the General Assembly made certain revisions to the membership/contribution provisions of the Public School Employees' Retirement Code (the Code), 24 Pa.C.S. §§ 8101-8535. Specifically, these revisions permitted members, such as Allen who was categorized as a Class T-C member, to elect a re-classification as a Class T-D member. See Section § 8305.1 of the Code.[1] This re-classification had the effect of increasing a member's pension contribution rate as of January 1, 2002.[2] Nevertheless, in order to make this election, the member was required to file "written notice with the [Board] on or before December 31, 2001...." 24 Pa.C.S. § 8305.1(b).
PSERS first notified Allen of this election process by letter dated May 18, 2001. *1032 Shortly thereafter, on June 6, 2001, PSERS mailed Allen a membership class election form. PSERS sent Allen a follow-up letter dated September 24, 2001, noting that it had not yet received her class election form. On November 9, 2001, PSERS forwarded a letter to Allen's employer, a school district, noting that she had not yet elected Class T-D membership. On November 30, 2001, PSERS mailed Allen a Class T-C, Class T-D special estimate comparison with a cover letter reminding her that if she did not make an election prior to December 31, 2001, she would permanently forfeit her right to the same. PSERS sent Allen a final follow-up letter on December 5, 2001, again noting that it still had not received her election form.
Needless to say, Allen did not file her membership class election form prior to December 31, 2001. By letter to PSERS dated January 4, 2002, Allen acknowledged her failure to elect Class T-D membership in a timely manner and requested that PSERS allow her to make this election.[3] However, PSERS rejected Allen's election form as untimely. Allen filed an appeal and a request for an administrative hearing with the Board. In this latter request, Allen detailed the reasons why her election form was not timely filed and why she was asking the Board to direct PSERS to consider the same as filed in a timely manner.
Specifically, Allen indicated that she had been involved in a "bitterly contentious divorce case" since January of 2000, that her pension was "marital property" and that her pension constituted "a major part of the economic issues of [her] divorce case." (R.R. at 5a). Allen indicated that she forwarded all papers regarding her pension to her divorce attorney and that she "could not keep track of the pension election deadline."[4]Id. Hence, Allen alleged that her failure to promptly return the election form was not willful, but, instead, was inadvertent.[5]
PSERS filed an answer to Allen's request for an administrative hearing, essentially denying any allegations relating to her personal situation. PSERS thereafter filed a motion for summary judgment alleging that Allen failed to file her election form by the statutory deadline of December 31, 2001, that she admits to the same and that her failure file in a timely manner prohibits her from electing membership in Class T-D. Allen filed an answer to PSERS' motion essentially indicating that she was not in a position to understand the importance of the letters she was receiving from PSERS and alleging that precluding a hearing in her case would be inequitable, unfair and a denial of due process.[6]
Ultimately, the Board issued an opinion and order dated November 4, 2002, granting PSERS' motion for summary judgment and dismissing Allen's request for a hearing. In its opinion, the Board indicated that there were no disputed material *1033 facts at issue in this appeal. Instead, the Board indicated that Allen failed to file an election form prior to the statutory deadline of December 31 2001, and, therefore, is prohibited from electing Class T-D membership. Allen then filed a petition for review with this Court.
On appeal,[7] Allen argues that the Board erred as a matter of law in granting PSERS' motion for summary judgment. More specifically, Allen argues that the Board denied her due process and that genuine issues of fact and law exist in this case. We disagree.
As noted above, Section 8305.1(b) of the Code specifically requires any Class T-C service member who wishes to elect membership in Class T-D service to file "written notice with the [Board] on or before December 31, 2001...." 24 Pa.C.S. § 8305.1(b). This Section does not provide any exceptions to said statutory deadline. Allen does not dispute the presence of the statutory deadline or her failure to file her election form prior to this deadline. In other words, no genuine issues of material fact exist with respect to the existence of the deadline and Allen's failure to meet the same.
Rather, Allen requested that the Board accept her election form as timely filed based upon her chaotic family situation during the time in question. In essence, Allen was asking the Board to consider her election form nunc pro tunc. While we are sympathetic with the difficult situation Allen experienced during the time in question, we are nonetheless constrained to agree with the Board's grant of summary judgment.
We have previously held in a similar situation that the Board was without authority to grant rights beyond those specifically set forth in the Code. See Forman v. Public School Employes' Retirement Board, 778 A.2d 778 (Pa.Cmwlth.2001). In Forman, Forman was a public school employee who missed a statutory window within which to file an application for early retirement. Forman filed her application with PSERS requesting nunc pro tunc relief in the nature of PSERS deeming her application timely filed. Forman cited mental incapacity brought about by her struggle with breast cancer and the pending contract negotiations, which sought to eliminate post-retirement health insurance benefits, as the bases for her request for nunc pro tunc relief.
In affirming the Board's decision rejecting Forman's application as untimely, we indicated that the Code does not provide the Board with the authority to deem an application timely filed and, in fact, the Board was precluded from taking such action. We noted that the retirement system "is a creature of the legislature and its members have only those rights created by the retirement benefit statute." Forman, 778 A.2d at 780. Moreover, as to Forman's request for nunc pro tunc relief, we held that the same was unavailable as she was not alleging that her untimely application was the result of fraud, a breakdown *1034 in the courts or negligence on the part of a third party.
Again, in this case, Allen does not dispute the statutory deadline or her failure to meet the same. Nor does she dispute receipt of numerous letters, including the election form, provided to her by PSERS in the months leading up to the deadline. As to her inability to meet this deadline, Allen cites to the "chaotic nature of [her] life and [her] divorce case" in her request to the Board for an administrative hearing. Similar to Forman, Allen does not allege that her untimely application was the result of fraud, a breakdown in the courts or negligence on the part of a third party. As no genuine issues of fact or law exist in this case and, moreover, the Board was without the authority to grant Allen the relief which she requested, we cannot say that the Board erred in granting PSERS' motion for summary judgment.
Accordingly, the order of the Board is affirmed.[8]

ORDER
AND NOW, this 20th day of February, 2004, the order of the Public School Employees' Retirement Board is hereby affirmed.
NOTES
[1] Added by Act of May 17, 2001, P.L. 26, as amended, 24 Pa. C.S. § 8305.1.
[2] This re-classification also had the effect of increasing a member's retirement benefit formula.
[3] PSERS eventually received Allen's official election form in an envelope post-marked January 8, 2002.
[4] Allen noted that she had been represented by several attorneys in her divorce case.
[5] Allen further described her life during this period as chaotic. Pursuant to a custody order, she resided with her children at the marital residence on alternating weeks. As her pension was a marital asset, she indicated that she was "afraid to take any action ... because [she] may be accused of tampering with a marital asset." (R.R. at 6a).
[6] In new matter attached to her answer, Allen alleged that a hearing is required by 1 Pa. Code § 35.180 in any situation where a ruling on a motion would result in a final determination of the merits. In an answer to this new matter, PSERS noted that this Section applied to rulings by presiding officers and not, as in this case, rulings made by the Board itself.
[7] The Board's own regulations permit a party to file a motion for summary judgment directly with the Board, as long as it conforms to Pa. R.C.P. Nos. 1035.1-1035.4. See 22 Pa. Code § 201.3(b). Our scope of review of an order granting or denying a motion for summary judgment is limited to determining whether the trial court, or in this case the Board, committed an error of law or abused its discretion. McKeesport Municipal Water Authority v. McCloskey, 690 A.2d 766 (Pa. Cmwlth.1997), petition for allowance of appeal denied, 549 Pa. 708, 700 A.2d 445 (1997). Summary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party establishes that he is entitled to judgment as a matter of law. Id.
[8] As to Allen's allegation that a hearing is required in her case pursuant to 1 Pa.Code § 35.180, i.e., any situation where a ruling on a motion would result in a final determination of the merits, Allen failed to note that this limitation only applied to designated presiding officers and not to an agency head or, in this case, the Board itself. As indicated above, the Board's own regulations specifically allow a party to file a motion for summary judgment directly with the Board. 22 Pa. Code § 201.3(b).