IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blackhawk School District,               :
                    Petitioner               :
                                                     :
                v.               :
                                                       :
Public School Employees'               :
Retirement Board,               :    No. 388 C.D. 2021
                    Respondent               :    Argued: October 18, 2021


BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: November 19, 2021


        Blackhawk School District (School District) petitions this Court for review of the Public School Employees' Retirement Board's (Board) March 12, 2021 opinion and order[1] that sustained the Public School Employees' Retirement System's (PSERS)[2] preliminary objection that the Board lacks subject matter jurisdiction over the School District's appeal (First Preliminary Objection), denied the School District's request to classify school psychologist Gary D. Koch, Ph.D. (Dr. Koch) as an independent contractor for the 2010-11 through 2016-17 school years, and dismissed the School District's appeal. The School District presents three issues for this Court's review: (1) whether the Board erred by concluding that the

---

[1] Although the Board's opinion and order was dated March 5, 2021, it was mailed on March 12, 2021. *See* Amended Reproduced Record at 206a-207a, 219a.

[2] "PSERS is an independent administrative board of the Commonwealth [of Pennsylvania (Commonwealth)] that manages the pension retirement system for Pennsylvania's public school employees. The [Board] is the governing body of PSERS." *Pa. Sch. Bds. Ass'n, Inc. v. Pub. Sch. Emps.' Ret. Bd.*, 863 A.2d 432, 434 (Pa. 2004).

Public School Code of 1949 (School Code)[3] requires school districts to employ school psychologists rather than retaining them as independent contractors; (2) whether the Board erred by concluding that the Public School Employees' Retirement Code (Retirement Code) (also known as Act 63 of 2004, or Act 2004-63),[4] does not authorize the Board to determine whether a school psychologist is an employee or an independent contractor; and (3) whether the facts before the Board were sufficient to determine that Dr. Koch was an independent contractor for the 2010-11 through 2016-17 school years. After review, this Court vacates the Board's order and remands this matter to the Board for further proceedings in accordance with this Opinion.

## Background

Dr. Koch provided psychologist services to the School District from 2010 through the fall of the 2016-17 school year. *See* Amended Reproduced Record (R.R.) at 34a, 111a. For each of the subject school years, the School District and Dr. Koch entered into a *Blackhawk School District Psychologist Employment Contract* (Prior Employment Contracts), wherein Dr. Koch agreed to provide services to the School District on a per diem basis, on days the School District's Superintendent (Superintendent) designated. *See* R.R. at 17a-30a. Dr. Koch simultaneously provided the same services for other school districts, including Western Beaver School District. *See* R.R. at 3a.

On January 17, 2017, Dr. Koch executed an *Employment Agreement* (2017 Agreement) under which Dr. Koch accepted employment as School Psychologist with the School District from January 3, 2017 through June 30, 2020, subject to the School District's Board of Directors' and the Superintendent's

---

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 - 27-2702.
[4] 24 Pa.C.S. §§ 8101-8547.

2

authority and supervision, at a salary of $70,000.00 per year, plus annual increases and insurance benefits. *See* R.R. at 13a-16a. The 2017 Agreement reflects the parties' meeting of the minds that Dr. Koch was a School District employee eligible for service credit as of January 3, 2017. *See* R.R. at 34a, 111a.

In 2019, Dr. Koch requested that PSERS grant him service credit under the Retirement Code as a School District employee for the 2010-11 through 2016-17 school years. *See* R.R. at 7a. By January 7, 2020 letter, PSERS' Executive Director informed Dr. Koch that, at its November 26, 2019 meeting, PSERS' Executive Staff Review Committee "granted [his] request based on the language of the signed [Prior] [E]mployment [C]ontracts under which [he] provided paid services to the [] School District." R.R. at 7a.

On February 4, 2020, the School District appealed from PSERS' decision to the Board and requested a hearing, arguing that "[t]he contracts under which Dr. Koch operated for the . . . 2010-11 through 2016-17 [school years] specified that he was considered an independent contractor," R.R. at 2a, and, "[a]s an independent contractor, [he] was not entitled to membership in[] PSERS[,] and the [School] District does not owe any [] salary contribution." R.R. at 3a. The School District relied upon the factors adopted in *Zimmerman v. Public School Employes' Retirement Board*, 522 A.2d 43 (Pa. 1987) (*Zimmerman* Factors)[5] to

---

[5] The *Zimmerman* Factors include:

> Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one is engaged in a distinct occupation or business; which party supplied the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Id*. at 45 (quoting *Hammermill Paper Co. v. Rust Eng'g Co.*, 243 A.2d 389, 392 (Pa. 1968)). Under the facts and circumstances in *Zimmerman*, the Pennsylvania Supreme Court held that a school

conclude that Dr. Koch was not a School District employee from 2010 through the fall term of the 2016-17 school years.

On February 24, 2020, PSERS filed preliminary objections to the School District's appeal.[6] *See* R.R. at 31a-106a. In its First Preliminary Objection, PSERS declared that the School District's appeal should be dismissed because although the Board is authorized to interpret the Retirement Code, "[t]he Board does not have [the] authority to grant the requested relief of altering [the] School District's and Dr. Koch's relationship under the School Code, nor does it have the jurisdiction to void or ignore provisions of the School Code." R.R. at 37a; *see also* R.R. at 35a. PSERS suggested: "The proper venue for [the] School District to challenge the School Code's requirement that it employ school psychologists and its employment relationship with Dr. Koch is before a Court of Common Pleas or the Pennsylvania Department of Education [(Department)]." R.R. at 37a. In its Second Preliminary Objection, PSERS contended that the School District's appeal was legally insufficient because the School Code specifies that Dr. Koch is a School District employee and, thus, "the School District has failed to plead any material facts that, if proven to be true, would entitle [the] School District to relief that can be granted by the Board." R.R. at 38a. The School District opposed PSERS' preliminary objections. *See* R.R. at 110a-126a.

On March 11, 2020, Dr. Koch filed a petition to intervene, which the Board granted on April 9, 2020. *See* R.R. at 127a-128a, 209a-210a. By May 19, 2020 order, the Board delegated its decision-making regarding PSERS' preliminary

---

physician was an independent contractor rather than a school employee and, thus, he was not eligible for PSERS membership. *See id.*

[6] Section 201.6(a) of the Board's Regulations provides: "[PSERS] may, before filing an answer, file preliminary objections directly with the Board. The preliminary objections will conform to [Pennsylvania Rule of Civil Procedure (Rule)] 1028 (relating to preliminary objections)." 22 Pa. Code § 201.6(a). Under Rule 1028(a), PSERS may object to the School District's appeal due to lack of subject matter jurisdiction, *see* Pa.R.Civ.P. 1028(a)(1), and lack of legal sufficiency (demurrer), *see* Pa.R.Civ.P. 1028(a)(4).

objections to a hearing examiner.[7]  *See* Bd. Op. and Order at 2, 4 (R.R. at 208a, 210a).  On June 15, 2020, the Board assigned a hearing examiner to issue a proposed opinion and recommendation regarding PSERS' preliminary objections.  *See* R.R. at 129a-130a.  Because this matter was before the Board on preliminary objections, no fact-finding took place.  *See* Bd. Op. and Order at 3 (R.R. at 209a); *see also* Board Br. at 8.

On August 13, 2020, the hearing examiner issued a Proposed Opinion and Recommendation on Preliminary Objections, recommending that the Board sustain PSERS' First Preliminary Objection and dismiss the School District's appeal because "[t]he Board is without express statutory authority to change Dr. Koch's statutorily proscribed [sic] employment status to that of independent contractor[; thus,] Dr. Koch is [] an employee for the school years in question[] and is subject to mandatory [PSERS] enrollment."[8]  R.R. at 142a; *see also* R.R. at 131a-145a.  Relevant to this appeal, the hearing examiner relied upon the following Conclusions of Law:

> 5. The Board is a creature of statute which derives its authority from the provisions of the Retirement Code, thus, it is limited to applying and enforcing the Retirement Code. *Krill v. Pub. Sch. Emp*[*s.'*] *Ret. Bd.*, 713 A.2d 132, 134 (Pa. Cmwlth. 1998) . . . and *Cosgrove v. State Emp*[*s.'*] *Ret*[.] *B*[*d.*], 665 A.2d 870 (Pa. Cmwlth. 1995).
>
> 6. The Board has exclusive and primary jurisdiction regarding the interpretation of the Retirement Code and

---

[7] Section 201.6(c) of the Board's Regulations states: "The Board will rule directly on preliminary objections . . . unless, by order, it delegates the matter to a hearing examiner to prepare a proposed opinion and recommendation . . . ."  22 Pa. Code § 201.6(c).

[8] Although the hearing examiner declared that sustaining the First Preliminary Objection rendered the Second Preliminary Objection moot, he nevertheless addressed the latter, concluding that, even if the Board had jurisdiction to overturn the statutorily prescribed nature of Dr. Koch's employment, the School District failed to plead material facts that, even if true, would entitle it to the requested relief.  *See* R.R. at 142a-143a.

the administration of member accounts. [*See* Section 8501(a) of the Retirement Code,] 24 Pa.C.S. § 8501(a).

7. Under the Retirement Code, "school employees" are mandatory members of PSERS and, therefore, must be enrolled and reported to PSERS. [*See* Sections 8102 and 8301 of the Retirement Code,] 24 Pa.C.S. §§ 8102, 8301.

8. The School Code requires that school districts, *e.g.*, [the School District], employ professional employees. [*See* Section 1106 of the School Code,] 24 P.S. § 11-1106.

9. A "school psychologist" falls within the category of "school counselor[,]" which is a "professional employee" under Section 1101(1) of the School Code, 24 P.S. § 11-1101(1). *McCoy v. Lincoln Intermediate Unit No. 12*, 391 A.2d 1119, 1122 n.5 (Pa. Cmwlth. 1978) . . . .

10. The Board is bound by the requirements of the Retirement Code and [the] School Code; the Board has no jurisdiction to hear and determine whether Dr. Koch is an independent contractor when the Retirement Code and [the] School Code mandate that he be classified as an employee: 24 Pa.C.S. §§ 8102, 8301; 24 P.S. § 11-1106; 24 P.S. § 11-1101(1).

Proposed Opinion and Recommendation at 5-6 (R.R. at 137a-138a). The parties were given 30 days to file briefs on exceptions to the hearing examiner's proposed opinion and recommendation. *See* R.R. at 131a.

On September 11, 2020, the School District filed a Brief on Exceptions to the Proposed Opinion and Recommendation as to Preliminary Objections and Proposed Findings of Fact and Conclusions of Law (Exceptions). *See* R.R. at 146a-201a. The School District specifically excepted to the hearing examiner's Proposed Conclusions of Law 8, 9, and 10. The School District argued that Proposed Conclusion of Law 8 was irrelevant because "it is the [School] District's position that Dr. Koch is not a 'professional employee' and[,] therefore, Section 1106 of the School Code is not appropriately relied upon." Exceptions at 5 (R.R. at 151a). The School District excepted to Proposed Conclusion of Law 9 on the basis that "[t]he

6

School Code does not require that 'school psychologists' be considered 'professional employees' for purposes of Section 1106 of the School Code." *Id*. The School District excepted to Proposed Conclusion of Law 10, stating that "[b]ecause there is no requirement under the School Code or the Retirement Code that 'school psychologists' be considered 'professional employees[],['] the Board has the authority to determine whether Dr. Koch is an independent contractor[,]" *id*., and did so in *Disston v. Public School Employees' Retirement Board* (Pa. Cmwlth. No. 25 C.D. 2008, filed Jan. 8, 2009), by applying the *Zimmerman* Factors. *See id*. at 9 (R.R. at 155a). On October 1, 2020, PSERS filed a letter brief in lieu of a formal brief opposing the School District's Exceptions. *See* R.R. at 202a-205a.

On March 12, 2021, the Board sustained PSERS' First Preliminary Objection, denied PSERS' request to have Dr. Koch classified as an independent contractor for the 2010-11 through 2016-17 school years, and dismissed the School District's appeal. *See* R.R. at 206a-219a. The Board's decision was based on the following Conclusions of Law:

> 4. Subject matter jurisdiction is the competency of a tribunal to hear and determine controversies of the nature of the matter involved, and venue is the right of a party to have an action brought in a particular location. *See McGinley v. Scott*, 164 A.2d 424, 427-28 (Pa. 1960).
>
> . . . .
>
> 8. The Board has exclusive and primary jurisdiction regarding the interpretation and application of the Retirement Code and the administration of member accounts, subject to appellate judicial review. *See* 24 Pa.C.S. § 8501(a); *see also* 22 Pa. Code § 201.4a.
>
> 9. The Board is a creature of statute that derives its authority from the provisions of the Retirement Code and, thus, it is limited to applying and enforcing the Retirement Code. *See Krill* . . . and *Cosgrove* . . . .

7

10. The Board has no authority (equitable or otherwise) to provide a right that the Retirement Code does not bestow. *See, e.g.*, *Marinucci v. State Emp[s.'] Ret. Sys.*, 863 A.2d 43, 47 (Pa. Cmwlth. 2004).[9]

11. Statutes must be construed according to their plain meaning and in such a manner as to give effect to all provisions. [*See* Section 1921(a) of the Statutory Construction Act of 1972 (Statutory Construction Act),] 1 Pa.C.S. § 1921(a).

12. Pursuant to the Retirement Code, membership in PSERS is mandatory for all "school employees" with a few, narrow exceptions. *See* 24 Pa.C.S. §§ 8102 (def. "school employee"), 8301.

13. A "school employee" is a person "engaged in work relating to a public school for any governmental entity and for which work he is receiving regular remuneration as . . . employee excluding, however, any independent contractor[.]" 24 Pa.C.S. § 8102.

14. School districts are employers, school entities, and public schools under the Retirement Code. *See* 24 Pa.C.S. § 8102.

15. PSERS credits a member with service credit for periods when the member is a "school employee" and making contributions to PSERS. 24 Pa.C.S. §§ 8102 ("credited service," "school employee," and "school service"), 8302.

16. The School Code mandates that school districts employ "professional employees." *See* 24 P.S. § 11-1106.

17. A "school psychologist" is a "professional employe" under the School Code. *See* 24 P.S. §§ 11-1106, 11-1101(1)[; *see also former* Section 1123(o)(6) of the School Code, *formerly*, 24 P.S. §] 11-1123(o)(6),[10] [and Section

---

[9] "[C]ases interpreting provisions of the State Employees' Retirement Code, 71 Pa.C.S. §§ 5101-5956, are equally applicable in deciding issues arising under similar . . . provisions of the [Retirement] Code." *Krill*, 713 A.2d at 134 n.3.

[10] Former Section 1123 of the School Code expired on June 20, 2021, pursuant to Section 1 of the Act of March 27, 2020, P.L. 62. However, it was still in effect when PSERS' Executive Staff Review Committee and the Board rendered their decisions.

1142 of the School Code, 24 P.S. §] 11-1142; [Section 49.1 of the Department's Regulations,] 22 Pa. Code § 49.1; *see McCoy . . .* (citing *Charleroi Area Sch. Dist. v. Sec['.]y of Educ[.]*, 334 A.2d 785, 786 (Pa. Cmwlth. 1975)); *see generally Cherry v. Pa. Higher Educ. Assistance Agency*, 642 A.2d 463, 466 ([Pa.] 1994).

18. "Professional employes," pursuant to the School Code, are "school employees" under the Retirement Code. *See* 24 P.S. §§ 11-1101, 11-1106; 24 Pa.C.S. § 8102 ("school employee").

19. The Board does not have subject matter jurisdiction to determine whether Dr. Koch is an independent contractor, because the School Code mandates that he be classified as a[] "professional employee." *See* 24 Pa.C.S. §§ 8102, 8301; 24 P.S. §[§] 11-1106, 11-1101(1), 11-1123(o)(6), 11-1142; 22 Pa. Code § 49.1; *see also McCoy*[;] . . . *Charleroi Area Sch. Dist. . . .* ; *see generally Cherry . . . .*

Bd. Op. and Order at 4-7 (R.R. at 210a-213a). The Board reasoned that, since the School Code dictates that school psychologists are school employees and the Board lacks authority under the Retirement Code to redefine that relationship using the *Zimmerman* Factors, Dr. Koch rendered his services to the School District as a school employee for the 2010-11 through 2016-17 school years and, thus, was eligible for PSERS credit. *See* Bd. Op. and Order at 12 (R.R. at 218a). The School District appealed to this Court.[11] Dr. Koch filed a notice of intervention.

---

[11] This Court's appellate review of the Board's order sustaining preliminary objections and dismissing an appeal "is limited to determining whether the [Board] abused its discretion or committed an error of law." *Podolak v. Tobyhanna Twp. Bd. of Supervisors*, 37 A.3d 1283, 1286-87 (Pa. Cmwlth. 2012); *see also Allen v. Pub. Sch. Emps.' Ret. Bd.*, 848 A.2d 1031 (Pa. Cmwlth. 2004), as amended (May 5, 2004). Moreover,

[i]n reviewing preliminary objections, all well[-]pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. Such review raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary.

*Podolak*, 37 A.3d at 1287; *see also Baillie v. Pub. Sch. Emps.' Ret. Bd.*, 993 A.2d 944 (Pa. Cmwlth. 2010).

9

**Discussion**

Initially, this appeal requires interpretation of the Retirement Code and the School Code; thus, this Court's analysis is guided by the Statutory Construction Act. Pursuant to Section 1921(a) of the Statutory Construction Act, this Court's objective "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). The best indicator of the General Assembly's intent is a statute's plain language. *Commonwealth v. Chesapeake Energy Corp.*, 247 A.3d 934 (Pa. 2021). "Only if the statute is ambiguous, and not explicit, do we resort to other means of discerning legislative intent." *Matter of Private Sale of Prop. by Millcreek Twp. Sch. Dist.*, 185 A.3d 282, 291 (Pa. 2018). However,

> [i]f statutory language is "clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." [1 Pa.C.S.] § 1921(b). Thus, when the words of a statute have a plain and unambiguous meaning, it is this meaning which is the paramount indicator of legislative intent.

*McKelvey v. Pa. Dep't of Health*, 255 A.3d 385, 398 (Pa. 2021). The Statutory Construction Act "applies to statutes and regulations alike." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 193 A.3d 447, 471 (Pa. Cmwlth. 2018).

Relative to the instant appeal, Section 8327(a) of the Retirement Code mandates that each school district make payments to the Public School Employees' Retirement Fund for its *employees* who are PSERS members. *See* 24 Pa.C.S. § 8327(a). *PSERS members also receive credit toward retirement for periods when*

---

On July 6, 2021, the Pennsylvania School Boards Association filed an *amicus curiae* brief in support of the School District's position. On September 7, 2021, the Pennsylvania State Education Association (PSEA) filed an application for leave to file an *amicus curiae* brief *nunc pro tunc*, which this Court granted on October 6, 2021. The PSEA represents that it "files this brief in support of neither party, to offer its perspective on why this administrative appeal is an unsuitable vehicle for the Court to interpret the statutory mandate that public [] school districts employ their professional employees." PSEA *Amicus Curiae* Br. at 1-2.

*the member is a "school employee"* and contributing to PSERS. *See* 24 Pa.C.S. §§ 8102, 8302. Section 8301 of the Retirement Code provides, in relevant part:

> **(a) Mandatory membership.--Membership in [PSERS] shall be mandatory as of the effective date of employment for all school employees except** the following:
>
> . . . .
>
> (2) **Any school employee who is not a member of [PSERS] and who is employed on a per diem** or hourly **basis for less than 80 full-day sessions** or 500 hours in any fiscal year or annuitant who returns to school service under the provisions of [S]ection 8346(b) [of the Retirement Code, 24 Pa.C.S. § 8346(b)] (relating to termination of annuities).
>
> . . . .
>
> **(b) Prohibited membership.--**The school employees categorized in subsection . . . (2) shall not have the right to elect membership in the system and shall not be eligible to participate in the plan.

24 Pa.C.S. § 8301 (text emphasis added). Section 213.1(a) of the Board's Regulations[12] adds:

> **Membership shall be mandatory**, as of the effective date of school employment, **for all school employees**, **except** the following categories:
>
> . . . .
>
> (2) **A person employed on a per diem** or hourly **basis for less than 80 full-day sessions** or 500 hours in a fiscal year. In all cases, a school district shall report to the Board whether a school employee annually qualifies under this [S]ection

---

[12] Section 8502(h) of the Retirement Code authorizes the Board to "adopt and promulgate rules and regulations for the uniform administration of [PSERS]." 24 Pa.C.S. § 8502(h).

11

> based on the service rendered during a school year. **A per diem** or hourly school **employee** employed for less than the minimum eligibility requirements established in this paragraph will not be eligible for membership for that fiscal year period, but **shall**, **if the employee exceeds the minimums stated in this paragraph**, **be a mandatory member for that fiscal year period only**.

22 Pa. Code § 213.1(a) (emphasis added). Thus, Dr. Koch was a PSERS member entitled to service credit *if* he: (1) **was a School District employee**; *and* (2) **worked at least 80 days** during each of the subject years.

The School District argues that, because the School Code does not expressly include school psychologists among the necessary qualified *professional employees* Section 1106 of the School Code directs that it *shall employ*, the Board erroneously concluded that it lacked the authority to analyze whether Dr. Koch was an independent contractor for the 2010-11 through 2016-17 school years.[13]

Section 8102 of the Retirement Code defines *school employee* as "[a]ny person engaged in work relating to a public school[14] . . . and for which work he is receiving regular remuneration[15] as an . . . employee excluding,

---

[13] This Court has combined the School District's first two issues for analysis purposes.

[14] The School District in this case is a public school, employer, and school entity under the Retirement Code. *See* 24 Pa.C.S. § 8102. The Retirement Code defines *employer*, in relevant part, as "[a]ny governmental entity directly responsible for the employment and payment of the school employee and charged with the responsibility of providing public education within this Commonwealth[.]" *Id*. *Public school* is defined therein, in pertinent part, as "[a]ny or all classes or schools within this Commonwealth conducted under the order and superintendence of the [Department.]" *Id*. *School entity* is defined as "[a] school district of any class, intermediate unit or an area vocational-technical school, as provided for under the [School Code]." *Id*.

[15] Although the phrase *regular remuneration* is not defined in the Retirement Code or the Board's Regulations, Section 213.2(a)(3) of the Board's Regulations intended that even employees paid on a per diem basis are entitled to PSERS service credit. *See* 22 Pa. Code § 213.2(a)(3); *see also* Section 215.6(a)(2) of the Board's Regulations, 22 Pa. Code § 215.6(a)(2) (relating to employer duty to determine per diem employee membership eligibility). Section 213.2(a) of the Board's Regulations states, in pertinent part:

however, **any independent contractor** or a person compensated on a fee basis."[16] 24 Pa.C.S. § 8102 (emphasis added); *see also* Section 211.2 of the Board's Regulations, 22 Pa. Code § 211.2.[17] The Retirement Code does not further define *school employee*. Therefore, to determine whether Dr. Koch was a school employee

---

> *Computation*. For the purposes of computing credited school service, the following conditions apply:
>
> . . . .
>
> (3) A per diem employee, having achieved eligibility by virtue of being employed for at least 80 full-day sessions during the fiscal year, shall receive a portion of credited service based on the relationship of actual full-day sessions worked as it relates to the 180 full-day [employment] session limitation.

22 Pa. Code § 213.2(a).

[16] Section 541.605(a) of the Code of Federal Regulations explains:

> Administrative and professional employees may be paid on a fee basis, rather than on a salary basis. An employee will be considered to be paid on a "fee basis" within the meaning of these regulations if the employee is paid an agreed sum for a single job regardless of the time required for its completion. These payments resemble piecework payments with the important distinction that generally a "fee" is paid for the kind of job that is unique rather than for a series of jobs repeated an indefinite number of times and for which payment on an identical basis is made over and over again. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.

29 C.F.R. § 541.605(a). The School District paid Dr. Koch on a per diem rather than fee basis.

[17] Section 211.2 of the Board's Regulations similarly defines *school employee* as:

> (i) A person engaged in work relating to a public school for any governmental entity and for which work the person is receiving regular remuneration as an officer, administrator or employee excluding, however, any independent contractor or a person compensated on a fee basis.
>
> (ii) The term does not include a person who is rendering services to the school district on a commission or fee basis, whether an elected official or not.

22 Pa. Code § 211.2.

entitled to PSERS benefits, as opposed to an independent contractor who was not, the Board looked to Section 1106 of the School Code, which states, in relevant part, that a school district "**shall _employ_ the necessary qualified _professional employes_, . . . to keep the public schools open in their respective districts[.]**" 24 P.S. § 11-1106 (bold and italic emphasis added).

Although the Retirement Code does not define the term _professional employees_, in Section 211.2(b) of the Board's Regulations, the Board expressly adopted and thereby incorporated the definition thereof in Section 1101(1) of the School Code. _See_ 22 Pa. Code § 211.2(b) ("The following . . . terms[] . . . have . . . the following meanings[:] . . . "Professional employees," as defined in [S]ection 1101 of the [School Code.]"). Section 1101(1) of the School Code defines _professional employees_ to "**include** . . . _school counselors_ . . . ." 24 P.S. § 11-1101(1) (bold and italic emphasis added).

The Board further reviewed caselaw in which this Court concluded that _school counselors_ encompass _school psychologists_. Specifically, in _Charleroi Area School District_, wherein this Court upheld the Department's conclusion that a school psychologist was a professional employee, this Court observed:

> Section 2(h) of the Act of August 13, 1963, P.L. 689, 24 P.S. § 1225(h) (Supp. 1974-75), amending the Act of May 29, 1931, P.L. 210, authorizes **the [Department]** to prescribe the professional titles used in the public school system. [Section 49.13(b)(2) of t]he regulations of the State Board of Education provide that the Department [] **has the responsibility for '[d]esignation of professional titles for personnel**[.]'[] 22 Pa. Code § 49.13(b)(2). Pursuant to this authority, **the Department has designated three professional titles for positions that would fall within the category of [s]chool [c]ounselor**:[18]

---

[18] Although school guidance counselors and school psychologists have differing functions, to the extent the School District claims that the General Assembly did not intend that school

14

> Elementary School Guidance Counselor; Secondary School Guidance Counselor; **School Psychologist**.
>
> *See* Policies, Proc[s.] [&] Standards for Certification of Pro[.] Sch[.] Pers[.], P[a.] Dep[']t of Educ[.] (1970).

*Charleroi Area Sch. Dist.*, 334 A.2d at 786-87 (bold and italic emphasis added).  In *McCoy*, this Court relied on *Charleroi Area School District* to conclude that "a '[s]chool [p]sychologist' **falls within the category of** 'school counselor' which is a 'professional employee' under Section 1101(1) [of the School Code], 24 P.S. § 11-110[1](1)."[19]  *McCoy*, 391 A.2d at 1122 n.5 (emphasis added).  Significantly, the School Code's definition has not changed since *Charleroi Area School District* and *McCoy* were decided, and both cases remain good law.

The Board also cited to other School Code provisions and Department Regulations that support the *Charleroi Area School District* and *McCoy* Courts' conclusions.  Section 1142(b) of the School Code **includes school psychologists among the professional employees** entitled to minimum salaries and regular

counselors included school psychologists, this Court refers to Merriam-Webster's Dictionary, which defines *counselor* as "a person who gives advice or counseling."  www.merriam-webster.com/dictionary/counselor (last visited Nov. 15, 2021).  *Counseling* is defined therein to include college or career counseling, such as would be provided by school guidance counselors, as well as "guidance of the individual by utilizing psychological methods especially in collecting case history data, using various techniques of the personal interview, and testing interests and aptitudes[,]" as would be used by a school psychologist.  www.merriam-webster.com/dictionary/counseling (last visited Nov. 15, 2021).  Accordingly, it is reasonable to conclude that the term *school counselor* could include both school guidance counselors and school psychologists.

[19] Although the *McCoy* Court made this pronouncement in a footnote, the conclusion was nevertheless properly based in law, and it directly applied to McCoy, who was disputing the method of his demotion from intermediate unit director of special education to school psychologist in reliance on his rights as a professional employee.  This Court observed in the footnote that McCoy remained a professional employee regardless of his demotion.  Accordingly, the School District's claim that this Court's pronouncement was merely dicta and has no precedential value here lacks merit.  Rather, as the Board concluded, the *McCoy* Court's statement "embrace[d] the conclusion that school psychologists . . . are professional employees and, consequently, entitled to the rights and protections provided by the School Code."  Bd. Op. and Order at 10 (R.R. at 216a).

incremental pay increases. *See* 24 P.S. § 11-1142(b). Former Section 1123(o)(6) of the School Code, previously specified that *education specialists* were professional employees. *See former* 24 P.S. § 11-1123(o)(6). Section 49.1 of the Department's Regulations **defines *education specialists*** as "[p]rofessional certified personnel whose primary responsibility is to render professional service other than classroom teaching, such **as . . . school psychologist**[**s**]." 22 Pa. Code § 49.1 (emphasis added).

Moreover, the Department's Certification Staffing Policy Guidelines (CSPGs) No. 81 currently references under the *Educational Specialist Certification* heading:

> A person **employed in the position of school psychologist** must hold a valid Pennsylvania certificate as a [s]chool [p]sychologist and is qualified to serve in grades PK-12.
>
> . . . .
>
> A **person employed in a position as a school psychologist** is qualified to perform the following duties and functions:
>
> . . . .
>
> When a school district **employs an individual in the job title** "**school psychologist**," this person must be a certified school psychologist.
>
> Counseling performed by school psychologists shall be primarily of a behavioral modification or psychological nature. A certified school psychologist may not provide services that are specifically reserved for a certified school counselor.

R.R. at 198a-199a (emphasis added).[20]

---

[20] *See also* www.education.pa.gov/Educators/Certification/Staffing%20Guidelines/Pages/CSPG81.aspx (last visited Nov. 18, 2021).

Finally, in Section 215.5(d)(3) of its Regulations, the Board declares:

> **In cases of doubt**, **the Board will determine whether any person is a school employee within the meaning of the Retirement Code**. The Board will also determine whether a person is an independent contractor or a person compensated on a fee basis upon review of all the circumstances surrounding the employment of the person seeking membership in the program.

22 Pa. Code § 215.5(d)(3) (emphasis added). Despite that the Board itself enacted Section 215.5(d)(3) of its Regulations, and it appears self-serving in this instance, in order to have the force and effect of law, it had to be properly promulgated in accordance "with the requirements set forth in the Commonwealth Documents Law,[21] the Commonwealth Attorneys Act[22] and the Regulatory Review Act.[23]" *Germantown Cab Co. v. Phila. Parking Auth.*, 993 A.2d 933, 937 (Pa. Cmwlth. 2010), *aff'd*, 36 A.3d 105 (Pa. 2012). "The process by which regulations are promulgated provides an important safeguard against the unwise or improper exercise of discretionary administrative power and includes public notice of a proposed rule, request for written comments, consideration of such comments, and hearings as appropriate."[24] *Marcellus Shale Coal.*, 193 A.3d at 476 (quoting *Dep't*

---

[21]    Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102-1602, and 45 Pa.C.S. §§ 501-907, which, collectively, are known as the "Commonwealth Documents Law." This was the official short title of the 1968 enactment. *See* Section 101 of the Act of July 31, 1968, P.L. 769.

*Germantown Cab Co. v. Phila. Parking Auth.*, 993 A.2d 933, 934 n.1 (Pa. Cmwlth. 2010), *aff'd*, 36 A.3d 105 (Pa. 2012).

[22] Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§ 732-101 - 732-506.

[23] Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1 - 745.14.

[24] "A properly promulgated regulation 'is valid and binding upon courts as a statute so long as it is (a) adopted within the agency's granted power, (b) issued pursuant to proper procedure, and (c) reasonable.'" *Marcellus Shale Coal.*, 193 A.3d at 462 (Pa. Cmwlth. 2018) (quoting *Tire Jockey Serv., Inc. v. Dep't of Env't Prot.*, 915 A.2d 1165, 1186 (Pa. 2007)). The Board's Regulations were adopted pursuant to the Board's enabling act and issued pursuant to the proper procedure. "Moreover, properly promulgated regulations[, like those in this case,] are generally

*of Transp. v. Colonial Nissan, Inc.*, 691 A.2d 1005, 1009 (Pa. Cmwlth. 1997)). Because Section 215.5(d)(3) of the Board's Regulations was properly promulgated, it has the force and effect of law.

Ultimately, "[t]he Board is charged with the execution and application of the Retirement Code, and the Board's interpretation should not be overturned unless it is clear that such construction is erroneous." *Whalen v. Pub. Sch. Emps.' Ret. Bd.*, 241 A.3d 1242, 1247 (Pa. Cmwlth. 2020), *appeal granted*, 253 A.3d 215 (Pa. 2021) (quoting *Mento v. Pub. Sch. Emps.' Ret. Sys.*, 72 A.3d 809, 813 (Pa. Cmwlth. 2013)).

Here, the Retirement Code defines *professional employees* to include *school counselors*, *see* 22 Pa. Code § 211.2(b); *see also* 24 P.S. § 11-1101(1), and the Board properly relied on *Charleroi Area School District*, *McCoy*, Section 1142(b) of the School Code, former Section 1123(o)(6) of the School Code, Section 49.1 of the Department's Regulations, and Department CSPG No. 81, to conclude that *school counselors* include *school psychologists*. Based on the foregoing reasoning and this Court's precedent, we agree with the Board that **school psychologists are among the *professional employees* referenced in Section 1106 of the School Code**.

The Board went further and extrapolated that, because the School Code states that the School District "*shall employ* the necessary qualified professional employes [(i.e., school psychologists)]," 24 P.S. § 11-1106 (emphasis added), the Board lacked the jurisdiction or authority to apply the *Zimmerman* Factors to assess whether Dr. Koch was an independent contractor for the subject school years. We disagree. This Court acknowledges that "the Board was without authority to grant

_____

presumed to be reasonable." *Bucks Cnty. Servs., Inc. v. Phila. Parking Auth.*, 195 A.3d 218, 237 (Pa. 2018).

18

rights beyond those specifically set forth in the [Retirement] Code." *Allen v. Pub. Sch. Emps.' Ret. Bd.*, 848 A.2d 1031, 1033 (Pa. Cmwlth. 2004), *as amended* (May 5, 2004). However, the Board has not established that the School Code superseded or otherwise limited the Board's jurisdiction or authority under the Retirement Code to determine whether Dr. Koch was a school employee entitled to PSERS service credit.

Moreover, this Court is not convinced that Section 1106 of the School Code *precludes* a school district from retaining a school psychologist as an independent contractor.[25] Notwithstanding, we need not reach that conclusion in this case. Rather, this Court holds that the Board had the authority under the Retirement Code to determine whether Dr. Koch rendered his services to the School District for the 2010-11 through 2016-17 school years as a PSERS-eligible school employee or an independent contractor. Accordingly, the Board erred by sustaining PSERS' First Preliminary Objection and dismissing the School District's appeal.

**Conclusion**

Having determined that the Board had the authority under the Retirement Code to determine whether Dr. Koch was a PSERS-eligible School District employee under the Retirement Code for the 2010-11 through 2016-17

---

[25] *See,* e.g., *Disston* (wherein this Court upheld the Board's decision denying a school counselor's request to purchase service credit for years that she worked for an intermediate unit as an independent contractor, despite that the General Assembly expressly declared that a school guidance counselor is among the "necessary qualified professional employes" the [s]chool [d]istrict "shall employ" in accordance with Section 1106 of the School Code, 24 P.S. § 11-1106).

19

school years, or an independent contractor, this Court vacates the Board's order and remands the matter to the Board with instructions to conduct a hearing thereon.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blackhawk School District, :
                 Petitioner :
                 :
         v. :
                 :
Public School Employees' :
Retirement Board, : No. 388 C.D. 2021
               Respondent :

### O R D E R

AND NOW, this 19th day of November, 2021, the Public School Employees' Retirement Board's (Board) March 12, 2021 Order is VACATED, and the matter is REMANDED to the Board to conduct further proceedings consistent with this Opinion.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge